**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF KANSAS**

BRYAN CORKINS, ALEXANDRIA REHMAN, and PATRICK THORNBURGH, individually, and on behalf of classes of similarly situated individuals,

Plaintiffs,

vs.

T-MOBILE US, INC.,

Defendant.

Civil Action No. 23-cv-2031-DDC-TJJ

**ORDER STAYING CASE PENDING TRANSFER TO MDL**

This matter is before the Court on the parties' Joint Motion to Stay Proceedings Pending Action by the Judicial Panel on Multidistrict Litigation (ECF No. 7). The parties jointly request all proceedings and deadlines in this matter be stayed until the Judicial Panel on Multidistrict Litigation ("JPML") rules on the pending petition to transfer this case and more than a dozen other related cases for consolidated or coordinated pretrial proceedings in multidistrict litigation, *In re: T-Mobile 2022 Customer Data Sec. Breach Litig.*, MDL No. 3073. The parties state there is good cause to stay this case because it is possible the JPML panel will grant the pending petition to transfer and coordinate or consolidate the related cases—including this one—for pretrial proceedings under 28 U.S.C. § 1407, which will conserve the resources of the parties and the Court. If the JPML denies the petition, the parties propose that Defendant T-Mobile's response to the Complaint will be due 30 days from that denial.

"In deciding whether to grant a stay based on the pendency of a motion to transfer or a conditional order of transfer by the JPML, courts typically consider three factors: (1) potential prejudice to the nonmoving party if the case is stayed; (2) hardship and inequity to the moving

party if the action is not stayed; and (3) judicial economy, i.e. whether judicial resources would be saved."[1] "The decision to grant or deny a temporary stay of proceedings pending a ruling by the JPML on a motion to transfer lies within the court's discretion."[2]

The Court agrees with the parties that a stay of this case until the JPML rules on the pending motion to transfer this case to the MDL would conserve the parties' resources. It would also promote judicial economy, coordination of the cases, and eliminate the potential for conflicting pretrial rulings. As the motion is joint, no party has asserted prejudice, hardship, or inequity so the Court need not consider those factors. Accordingly,

**IT IS THEREFORE ORDERED** that the parties' Joint Motion to Stay Proceedings Pending Action by the Judicial Panel on Multidistrict Litigation (ECF No. 7) is GRANTED. All pretrial proceedings and deadlines in this case are hereby STAYED until the JPML rules on the pending petition to transfer this case to MDL No. 3073, pursuant to 28 U.S.C. § 1407.

**IT IS FURTHER ORDERED** that upon the filing of a JPML Conditional Transfer Order transferring this case to MDL No. 3073, this case will be administratively closed. But, if the JPML denies the petition to transfer this case, Defendant T-Mobile shall file a notice in this case informing the Court of the JPML panel's decision and its responsive pleading to the Complaint (ECF No. 1) will then be due within thirty (30) days from that denial.

---

[1] *Blaurock v. Southwind Surgical Grp.*, No. 22-1196-JWB, 2022 WL 16742593, at *2 (D. Kan. Nov. 7, 2022).

[2] *Id. See also* Judicial Panel on Multidistrict Litigation, Rule 2.1(d) ("The pendency of a motion . . . before the Panel pursuant to 28 U.S.C. § 1407 does not affect or suspend orders and pretrial proceedings in any pending federal district court action and does not limit the pretrial jurisdiction of that court.").

**IT IS SO ORDERED**.

Dated March 10, 2023 in Kansas City, Kansas.

Teresa J. James
U. S. Magistrate Judge